IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANA GRAHAM, | : CIVIL ACTION |
| Plaintiff, | : FILE NO: |
| v. | : |
| HRCHITECT, INC. and MATT LAFATA, | : COMPLAINT for violations of |
| | : the Fair Labor Standards Act |
| | : of 1938, as amended |
| Defendants. | : JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Jana Graham ("Plaintiff") by and through her undersigned counsel, files this lawsuit against Defendants HRchitect, Inc., Matt Lafata (the "Defendants"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (hereinafter "FLSA"). Defendants failed to pay her minimum wage, overtime, and then HRchitect and Lafata retaliated against her by refusing to make payments to her after she complained about Defendants' failure to pay her in a manner required by the FLSA.

I.   INTRODUCTION

1.

The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C.

§§ 201, et seq., as amended (hereinafter "the Act"), and specifically the provision of the Act found at § 216(b) to remedy violations of unpaid wages and overtime provisions of the FLSA by Defendants which has deprived the Plaintiff of her lawful wages since January 2016 and forward.

2.

This action is brought to recover unpaid wages compensation owed to the Plaintiff pursuant to the FLSA. The Plaintiff had worked for Defendants as an employee, although she was required by HRchitect and Lafata to sign an independent contractor agreement (Contractors Services Agreement) and a Task Order Agreement Number 001, copies of which are attached as Exhibits A and B.

3.

Defendants have willfully committed widespread violations of the FLSA by failing to compensate Plaintiff for certain hours worked since September 2015 and failing to pay her time and one-half for hours exceeding forty in a work week.

4.

Defendants HRchitect and Lafata then retaliated against her when, in response to her claim though her legal counsel on May 20, 2016 that Defendants' failure to pay constitutes a violation of the FLSA, on May 24, 2016, Defendants HRchitect and Lafata claimed they were no longer obligated to pay her any amounts.

5.

As relief, Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages, payment of attorney's fees, amounts withheld due to retaliation, and costs pursuant to 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because the acts complained of occurred within the State of Georgia and the jurisdiction of this Court. Defendant HRchitect, Inc. entered into an employment relationship with Plaintiff in Atlanta, Georgia and now refuses to pay her as required by FLSA.

8.

Although Plaintiff entered into a Contractor Services Agreement with Defendant HRchitect on August 24, 2015, whether Plaintiff is entitled to be paid compensation as required by the FLSA, and whether she was retaliated against because of her assertion of claims under the FLSA, are issues outside the scope

of the Contractor Services Agreement. See <u>Chebotnikov v. LimoLink, Inc.</u> 2015 WL 8664206 (D. Mass. 2015) at p. 2-3 (forum selection clause in service provider agreement has no bearing on whether Plaintiff's claims that they were improperly classified as independent contractor under the FLSA); <u>Daniels v. Dataworkforce LP</u>, 2014 WL 6657794 (D. Colo. 2014) at p. 2 (forum selection clause inapplicable; if the company intended to include FLSA claims, it could have so stated).

9.

Based on the above case law and the public policy underlying the FLSA, Plaintiff submits in good faith that the choice of law and venue provisions contained within paragraph 13 of the Contractor Services Agreement are invalid as to the FLSA minimum wage, overtime and retaliation issues contained in this case, and that this Court's venue is hereby proper in the Northern District of Georgia, where Plaintiff is domiciled.

III. PARTIES

10.

Plaintiff Jana Graham is domiciled in Atlanta, Georgia. Graham has been employed by HRchitect, Inc. since August 29, 2015, and worked for them as a non-exempt employee in various locations in the United States. Plaintiff entered into both the CSA and the employment relationship with HRchitect in Atlanta, Georgia.

4

11.

Plaintiff is an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within the year preceding the filing of this lawsuit. Plaintiff is covered by § 206 and § 207 of the FLSA for the period in which she was employed by the Defendants.

12.

Defendant HRchitect, Inc. is a corporation based in Texas, and conducts business within the State of Georgia and this District. It maintains its principal place of business at 6175 Main Street, Suite 290, Frisco, Texas. This Court has personal jurisdiction over HRchitect, Inc. because it also hired Plaintiff in Atlanta, Georgia and created substantial contacts with the State of Georgia through that employment relationship. HRchitect was a joint employer of Graham with non-party Engility. HRchitect, Lafata and Engility are jointly and severally liable for the unpaid wages, expenses and attorneys' fees. Venue in this district is proper under 28 U.S.C. § 1391 (b)(2) and (3), and (c)(2). Defendant HRchitect is jointly and with Defendant Lafata severally liable for the FLSA liability pursuant to 29 U.S.C. § 216(b).

13.

Defendant Matt Lafata is an owner and director of HRchitect, Inc. and manages its day-to-day operations and, based on information and belief, exerts substantial control over

5

significant aspects of HRchitect's operations, decides who to employ, who to pay, how much to pay, and when to pay. He is an "employer" within the meaning of 29 U.S.C. § 203(h). Defendant Lafata is jointly and severally liable for the FLSA liability pursuant to 29 U.S.C. § 216(b).

14.

HRchitect, Inc., and its owner, Matt Lafata, maintain either actual or constructive control, oversight and direction over the operations of its business services, including the employment and pay practices of these operations. HRchitect, Inc. and Lafata are subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit under the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, since Defendants transact business in the State of Georgia, and engaged in FLSA violations within the State of Georgia.

15.

HRchitect contracted with Engility LLC a Delaware limited liability company with a principal office address at 3750 Centerview Drive, Chantilly, Virginia 20151, for Plaintiff to perform work for Engility through her employment relationship with HRchitect. Engility is registered to do business with the Georgia Secretary of State and its Registered Agent is CT Corporation System, 1201 Peachtree Street, N.E., Fulton County, Atlanta, Georgia 30361. Engility is subject to personal jurisdiction in the

State of Georgia for purposes of this lawsuit under the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, since Defendants transact business in the State of Georgia as reflected by their entity registration in the State of Georgia.

16.

At all times material to this action, HRchitect, Inc. and Matt Lafata were in the business engaged in commerce as defined by § 203(b)(1) of the FLSA.

17.

At all times material to this action, HRchitect, Inc. and Matt Lafata were "employers" of the Plaintiff, as defined by § 203(d) of the FLSA.

18.

During the period of time material to this action, Defendants employed Plaintiff Graham. Graham was hired as a contractor for HRchitect, Inc., and performed services for Engility. She was primarily supervised by HRchitect managers, but she was subject to some supervision by Engility managers. Under the "economic realities" factors used by the Courts and the Department of Labor under the FLSA, she was an employee of HRchitech: she was not an independent contractor, but a non-exempt employee jointly employed by HRchitect and Engility. Plaintiff's work for HRchitect was an integral part of HRchitect's business; she has little or no opportunity for profit and loss;

she was not asked to invest in facilities or equipment; Plaintiff did not operate with HRchitech as an independent business; her relationship primarily was with HRchitect rather than its clients, and she was subject to substantial reporting controls by HRchitect.

19.

Even though the economic realities of her relationship with HRchitect were such that she was an employee, Plaintiff Graham was hired by HRchitect, Inc. and was paid as a contractor employee, based on information and belief, to avoid the obligation to pay employee taxes and provide benefits.

20.

Defendants refused to pay Plaintiff her wages as required under the FLSA.

COUNT ONE
(Fair Labor Standards Act: 29 U.S.C. §§ 201 et seq.)
(Failure to Pay Minimum Wage and Overtime)

21.

Plaintiff repeats and incorporates by reference paragraphs 1-19 herein.

22.

By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations relating to the payment of

overtime pay and failed to pay Plaintiff minimum wage for periods of time during her employment. Defendants knew or should have known that Plaintiff was actually an employee of HRchitect, covered by the minimum wage and overtime provisions of the FLSA and should have paid her consistent with federal law.

23.

Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to pay Plaintiff's earned wages in accordance with § 207 of the FLSA. Based on information and belief, HRchitect and Lafata failed to pay overtime to other employees similarly situated to Plaintiff, who they also improperly labeled as employees.

24.

As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive her earned wages in accordance with § 207 of the FLSA.

25.

Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff. In fact, Defendants have willfully, intentionally and knowingly failed to comply with the FLSA by refusing to pay her for certain time periods from September 15, 2015 to the present.

26.

As a result of the violations of the FLSA by the Defendants, and as relief sought in Count I, Plaintiff seeks amount of which she has been deprived, which constitutes her wages and overtime compensation in an amount to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs and other relief and compensation allowable under the FLSA.

## COUNT TWO
### (Fair Labor Standards Act: 29 U.S.C. §§ 201 et seq.)
### (Retaliation)

27.

Plaintiff incorporates by reference Paragraphs 1 through 19 as if stated verbatim herein.

28.

Defendants retaliated against Plaintiff by refusing to pay her, or illegally delaying payment further, for minimum wage, overtime and expenses after she complained in good faith on May 20, 2016 that she was not being paid as required by the FLSA.

29.

On May 20, 2016, in correspondence to Defendant Matt Lafata, President and CEO of HRchitect, Ms. Graham's undersigned counsel stated as follows:

> Not only has Ms. Graham not been paid timely for each work week as required by the FLSA, but she has worked at least one hundred forty-three (143) overtime hours during her employment with HRchitect. Although she was apparently paid straight time for that week, she is also entitled half time for all hours worked over forty (40) in a work week. The FLSA is an employee-friendly statute which also provides for attorneys' fees. I would also remind you that the FLSA contains strict non-retaliation provisions and encourage you to check with your legal counsel so that you are aware of the scope of this provision and protections it provides to employees.

These above-quoted statements constitute protected internal complaints under FLSA in both the Fifth and Eleventh Circuits. Hagan v. Echostar Satellite, LLC 529 F.3d 617, 625 (5th Cir. 2008) and Equal Employment Opportunity Commission v. White and Son Enterprises, 881 F.2d 1006, 1011 (11th Cir. 1989).

30.

On May 24, 2016, Plaintiff's undersigned counsel contacted counsel for HRchitect, Inc., and stated as follows:

> [M]y principal interest is to have Ms. Graham paid properly for the overdue work and expense assignments, ... She also worked 143 overtime hours for the HRchitect clients in September 2015 for which she was paid straight time but not an addition half time.

31.

In response to the request that Ms. Graham be paid consistent with the FLSA, later on May 24, 2016, counsel for HRchitect stated as follows:

11

> Under Texas law, your client's breach of the CSA relieved HRchitect of any further performance under the CSA and because your client's breach of the CSA was material, she has forfeited the financial compensation due to her under the agreement. The result may seem harsh, but her breach caused HRchitect serious harm when Engility cancelled its contract with HRchitect.

32.

The position taken by HRchitect and Mr. Lafata is false and pretextual. Based on information and belief, Defendants never provided Plaintiff with a copy of Appendix B (apparently a confidential information provision) of the CSA, upon which they rely to deny her payment. Email correspondence from Defendant Lafata to Plaintiff in August 2015 (and thereafter) demonstrates that Defendants never provided the CSA to Ms. Graham. Nonetheless, erroneously relying on attachment B, Defendants have taken the position that they are not required to pay Ms. Graham either for work performed, or work-related expenses which she was personally incurred, both of which total over $26,000. Based on information and belief, HRchitect has already been paid by Engility for both Plaintiff's work and Plaintiff's expenses.

33.

Defendants' refusal to pay these amounts due was motivated in all or substantial part by Plaintiff's claim which was communicated to Defendants on May 20, 2015, that she was entitled to additional compensation as required by the FLSA. The close temporal proximity

between Ms. Graham's May 20, 2016 assertion of her rights under the FLSA, and the denial for the first time by Defendants four (4) days later, on May 24, 2016, of their obligation to pay Plaintiff any amounts due, and then groundlessly and in bad faith threatening her with additional potential liability, constitutes prohibited retaliation under the FLSA.

34.

As relief, Defendants' retaliatory actions set fourth in Count II, Plaintiff requests that she be paid minimum wage and overtime, plus liquidated damages, costs, attorneys' fees and interest, and as equitable relief provided for under 29 U.S.C. §216(b) for violating of 29 U.S.C. §215(a)(3) (retaliation), an affirmative injunction ordering the payment of all amount unpaid for both work and expenses. all amounts owed by Defendants to her, both for work and out-of-pocket expenses which Defendants are refusing to pay in retaliation for her asserting of her FLSA rights.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216 (b) of the FLSA, prays for the following relief:

A. That the Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages; and

B. That the Plaintiff be awarded prejudgment interest; and

C. That the Plaintiff be awarded reasonable attorneys' fees; and

D. That the Plaintiff be awarded for costs and expenses of this action; and

E. That the Court issue an affirmative injunction pursuant to its equitable powers and order requiring Defendants to pay Plaintiff for unpaid work and expenses which Defendants for the first time refused to pay in retaliation for Plaintiff asserting her rights under the FLSA;

F. That the Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

DEMAND FOR TRIAL BY JURY

Comes now the Plaintiff Graham, by counsel, and requests a trial by jury on all issues deemed so triable.

This 24th day of June, 2016.

Respectfully submitted,

GARY R. KESSLER, P.C.

/s/ Gary R. Kessler
Gary R. Kessler
Georgia Bar. 416562
3379 Peachtree Road, NE
Suite 400
Atlanta, Georgia 30326
404-237-1020 (office)
gkessler@isklaw.com

14