IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANA GRAHAM,

    Plaintiff,

v.

HRCHITECT, INC.,

    Defendant.

CIVIL ACTION NO.
1:16-CV-02213-LMM

## ORDER

This case comes before the Court on Defendant's Motion to Dismiss [9]. After due consideration, the Court enters the following Order:

**I.   BACKGROUND**[1]

Plaintiff brings this case against HRchitect, Inc., for alleged violations of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*[2] Dkt. No. [1] ¶ 1. HRchitect is a corporation based in Texas with its principal place of business in Frisco, Texas. Id. ¶ 12. From Plaintiff's description, HRchitect contracts with other companies to help with their human resourcing needs.

---

[1] All facts are construed in a light most favorable to Plaintiff as the non-moving party.

[2] Plaintiff originally brought this case against HRchitect and Matt Lafata. However, Plaintiff has voluntarily dismissed her claims against Lafata. Dkt. No. [23].

Plaintiff entered into a Contractor Services Agreement ("CSA") and employment relationship with HRchitect in Georgia on August 29, 2015. Id. ¶ 10. Under the CSA, Plaintiff was paid as a contract employee. Id. ¶ 19. Additionally, the CSA had a forum selection clause, dictating that all claims arising from the CSA must be brought in Collin County, Texas. Dkt. No. [9] at 32.

Either before or after hiring Plaintiff, HRchitect contracted with Engility LLC, a Delaware limited liability company with its principle place of business in Chantilly, Virginia. Dkt. No. [1] ¶ 15. Plaintiff performed work for Engility through her employment relationship with HRchitect. Id.

Plaintiff filed this case in Georgia, alleging that Defendant HRchitect failed to pay her minimum wage and overtime compensation pursuant to the FLSA. Id. ¶ 21. Additionally, Plaintiff claims Defendant retaliated against her by continuing to refuse her minimum wage and overtime compensation when she complained of the alleged wage violations. Id. ¶ 28. Defendant, however, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction, or in the alternative, improper venue based on the CSA's forum selection clause. Dkt. No. [9]. Because the Court finds that the case must be transferred for improper venue under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a), the Court will not address personal jurisdiction. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (concluding that a district court lacking personal jurisdiction over a defendant may transfer the case under section 1406(a)); See also In re Carefirst of Md., Inc., 305 F.3d 253, 255-56 (4th Cir.

2002) (stating that 28 U.S.C. § 1406 can be used to cure personal jurisdiction defects); Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980) (dictating that transfer under § 1406(a) can cure lack of personal jurisdiction).

## II. LEGAL STANDARD

The Eleventh Circuit dictates that "motions to dismiss upon the basis of choice-of-forum and choice-of-law clauses are properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as motions to dismiss for improper venue." Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998). On such a Rule 12(b)(3) motion, the plaintiff has the burden of showing that venue in the forum is proper. Curry v. Gonzales, No. 1:05-CV-2710-WSD-AJB, 2006 WL 3191178, at *2 (N.D. Ga. Oct. 31, 2006). The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits. Id. When an allegation is challenged or contradicted, the court may consider matters outside the pleadings, "particularly when the motion is predicated upon key issues of fact." Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

## III. DISCUSSION

Defendant contends that the Northern District of Georgia is an improper venue for this action because the CSA's forum selection clause dictates that "any action . . . that may be brought arising out of, in connection with, or by reason of [the CSA] . . . the legal venue shall be exclusive to Collin County Texas." Dkt. No. [9] at 31-32. When a forum selection clause exists, the court must first assess

3

whether the clause is mandatory or permissive. See Slater v. Energy Servs. Grp. Int'l., 634 F.3d 1326, 1330 (11th Cir. 2011). "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" Global Satellite Commc'n v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)).

Mandatory clauses are given more weight than permissive clauses. Mulligan v. Frank Found. Child Assistance Int'l, 584 F. Supp. 2d 1328, 1330 (M.D. Fla. 2008). A distinctive characteristic of a mandatory selection clause is the use of the term "shall," which prescribes a requirement. See Global Satellite, 378 F.3d at 1272. Because the CSA's forum selection clause uses the term "shall," the Court finds that it is a mandatory forum selection clause.

"Mandatory forum-selection clauses are 'presumptively valid and enforceable' absent a 'strong showing that enforcement would be unfair or unreasonable under the circumstances.'" Slater, 634 F.3d at 1331 (quoting Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009)). Unless the forum selection clause was obtained by fraud, undue influence, or overweening bargaining power, it should be given full effect. M/S Breman v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

Here, Plaintiff does not argue that the forum selection clause is unreasonable or generally unenforceable. However, Plaintiff contends that it does

4

not apply to this case. Specifically, Plaintiff argues that the language of the CSA's forum selection clause is vague and does not cover actions for wage violations or retaliation pursuant to the FLSA.

As support, Plaintiff turns to the language of the clause dictating that any action "arising out of, in connection with, or by reason of this Agreement . . ." must be brought in Collin County, Texas. According to Plaintiff, her claims for minimum wage and overtime compensation do not arise out of, are not connected with, and are not by reason of the CSA. Plaintiff contends that her claims are separate and apart from the CSA because they are federally guaranteed rights she is entitled to regardless of whether the CSA provides for them.

Additionally, Plaintiff cites several out-of-circuit cases that found forum selection clauses did not encompass FLSA claims because the language of the clauses was not broad enough. For instance, in Daniels v. Dataworkforce,LP, No. 14-CV-00822-KMT, 2014 WL 6657794, at *2 (D. Colo. 2014), the court found that, "if the parties intended to include FLSA or other statutory employment claims within the scope of the forum selection clause, they could have used broader language so as to encompass all claims arising out of 'the employment relationship.'" Daniels, 2014 WL 6657794 at *2. Lastly, Plaintiff argues that, even if it is not clear whether the forum selection clause covers FLSA claims, the Court should construe any ambiguity against Defendant as the CSA drafter.

However, the Court finds that the language of the CSA is not ambiguous. While Plaintiff has provided plenty of persuasive authority on the subject, the

clauses detailed in these other cases are distinguishable because the language of *this* forum selection clause is broad enough to encompass the FLSA claims. The clause dictates the claims must (1) arise from; (2) be in connection with; or (3) relate to the CSA. Plaintiff's claims arise from the rate of pay agreed to in the CSA. See Dkt. No. [9] at 29 ("HRchitect shall pay the Contractor for services rendered hereunder at an agreed rate . . . as specified in . . . Appendix A."). Specifically, Plaintiff's central claim is that what she was paid, which arises from the agreed rate in the CSA, does not meet federal standards.[3] If her claims do not "arise" from the CSA, they certainly at least relate to or are in connection with the CSA.

Next, Defendant contends that if the Court finds venue is improper, it must dismiss the case rather than transfer it to the proper venue. The controlling clause states, "[T]he legal venue shall be exclusive to Collin County Texas." Id. at 32. According to Defendant, the clause only contemplates *state* court in Collin County, Texas; not a federal district court within Collin County, Texas.

As support, Defendant cites several out-of-circuit cases in which the courts found similar wording to dictate state court over federal court. However, in those

---

[3] Additionally, the retaliation claim relates to or arises from the CSA because Plaintiff claims Defendant retaliated against her by allegedly continuing not to pay her federally mandated wages or delayed in paying her at all. Again, these facts relate to the CSA because they relate to the wages she agreed to receive when she entered into the CSA. While the FLSA might mandate that, even if you agreed to a lower rate of pay you are still entitled to minimum wage and overtime compensation, the underlying facts still relate to that agreed upon rate and inform the FLSA claims.

6

cases, the courts found the forum selection clauses required state court because there were no federal district courts within the counties specified. See <u>Hasler Aviation, LLC v. Aircenter, Inc.</u>, No. 1:06-CV-180, 2007 WL 2463283, at *1 (E.D. Tenn. Aug. 27, 2007); <u>Paolino v. Argyll Equities, LLC</u>, No. SA-05-CA-0342-XR, 2005 WL 2147931, at *5 (W.D. Tex. Aug. 31, 2005); <u>Navickas v. Aircenter, Inc.</u>, No. 1:02-CV-363, 2003 WL 21212747, at *3 (E.D. Tenn. April 10, 2003).

Here, however, Plaintiff has pointed out that the United States District Court for the Eastern District of Texas has a "brick and mortar" federal district courthouse in Plano, Collin County, Texas. As such, the rationale used in Defendant's cases does not apply.

Turning to the language of the clause itself, the Court finds no reason to read into it a requirement that Texas state court has sole jurisdiction. The clause does not mention state court, nor does it even mention the word "state." It merely dictates that the case must be brought in Collin County.

Furthermore, Defendant has not provided any authority from the Eleventh Circuit showing that reference to a specific county dictates state court jurisdiction. <u>C.f.</u> <u>Dixon v. TSE Int'l, Inc.</u>, 330 F.3d 396, 398 (5th Cir. 2003) (finding a forum selection clause that said "[t]he Court of Texas, U.S.A shall have jurisdiction" required state court jurisdiction because the federal courts arise from the federal government and are technically not courts *of* Texas); <u>Paolino</u>, 2005 WL 2147931, at *3 ("The Fifth Circuit has taken a rather strict approach when construing forum selection clauses."). As such, the case will be transferred

under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) to the Eastern District of Texas in Collin County. See 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); 28 U.S.C. § 1406(a) ("The district court . . . in which is filed a case laying venue in the wrong division or district shall . . . if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").[4]

### IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** Defendant's Motion to Dismiss [9]. The Clerk is **DIRECTED** to transfer this case to the Sherman Division of the Eastern District of Texas.

**IT IS SO ORDERED** this 26th day of September, 2016

**Leigh Martin May**
**United States District Judge**

---

[4] Because the Court finds that the clause does not dictate state court over federal court, it need not decide whether a forum selection clause *could* require state court jurisdiction even when federal question jurisdiction exists.